SUMMERS, Justice
(dissenting).
The majority has annulled the conviction and sentence and remanded the case for a new trial. This entire action was taken in chambers and without affording the State a hearing on the matter. It may be that this procedure is expedient and efficient, but I cannot agree that the procedure is conducive to a fair adjudication, nor can I agree that such a procedure is compatible with the traditional concept of American justice where adjudications of guilt or innocence have always been conducted in open court. Moreover, it is an affront to the dignity of the trial court to grant a writ and decide the issue forthwith without affording that court an opportunity, if it sees fit, to be heard in support of the integrity of its order. The procedure is reminiscent of the Star Chamber proceeding. Efficiency and expediency can never justify such a result.
In addition, the merits of this case do not warrant the Court’s action. The circumstances leading to this defendant’s arrest and charge for driving while intoxicated in violation of Article 98 of the Criminal Code are, in my view, relevant and material to his guilt or innocence notwithstanding that the intoxication test may not have been administered strictly in conformity with the statutory requirements. La.R.S. 32:661-667.
The fact that the proper administration of the intoxication test may create presumptions of intoxication, does not mean that its improper administration precludes the reception of other evidence in support of the charge of driving while intoxicated. As the trial judge stated, “A test . merely is corroborative evidence of what the Troopers or the City Police . say about the demeanor of the individual . . . .”
If there is some evidence, no matter how little, of the essential elements of the crime charged, this Court cannot review the sufficiency of that evidence bearing upon the question of guilt or innocence. For, in criminal cases, this Court’s authority on review is limited to questions of law only. La. Const. Art. V, j[ 5(C) (1974).
*331 A review of the evidence in this record convinces me that there was ample evidence to support the verdict of the trial judge on the essential element of intoxication — the only issue presented.
At approximately 1:30 in the morning, Officers Jones and Hart of the Louisiana State Police, while working radar, observed Stephens traveling 66 miles an hour in a fifty mile per hour zone. Stephen’s car was straddling the center line and going back and forth across that line. This weaving continued as the officers pursued him to make the arrest. When Stephens finally pulled over, he walked very unsteadily toward the officers, and Officer Jones testified that he detected a strong odor of alcohol, indicating that Stephens had been drinking for a long time. This was some evidence. It was, in fact, ample evidence to sustain the conviction.
I respectfully dissent.